OPINION of the Court, by
Judge Owsley.
Henry Palmer mortgaged to Hughes two negro girls, Fanny, jjaster, and subsequent thereto sold Fanny to Philip Walker and Easter to John Graves. Hughes, to foreclose Palmer’s equity of redemption in the mortga-g,e¿ property, and subject the negroes to the payment of ⅛⅛ demand, exhibited ¡sis bill in equity, making Palmer, Walker and Graves all parties. The. sheriff to whom the subpoena was directed returned it “executed, and a copy of the hill left.” Walker answered, and the cause being regularly prepared for hearing as to him, the bill taken for confessed against Palmer, and his equity Redemption foreclosed, and the negro Fanny purchased by Walker directed to be sold to satisfy Hughes’s demand. The negro was accordingly sold, but there pejng a balance still due to Hughes, at a subsequent term the bill as to Graves was also taken for confessed, and a decree pronounced against him for the balance coming f() Hughes. To reverse tills decree Graves has prose-ciitcd this writ of error with a supersedeas,
The assignments of error question as well the cor-pectness of the proceedings in taking the bill for conic,s-se(^ as the propriety of making any decree upon the me-cits ; but as we are of opinion the sheriff’s return upon the subpoena is insufficient to authorise the bill to be ta- - ------ ken as confessed, we have thought it unnecessary to investigate the merits of the claim. That return clearly does not conform to the requisitions of the law under which the proceedings in this case were had. It is not only essential the subpoena should be executed, blit that execution is required to be made by delivering a copy of the bill to the first named defendant; and the sheriff is also required so to return the service upon the sumpiops. *85 The return of the sheriff in this case ¡loes not however so express the process to have been executed. A copy of the bili is not alleged to have been delivered to the first named defendant; and according to the case of Trffor and Talbot vs. Jackson, (vol. 2, 572) and the case ef M’Cracken, &c. vs. Coffman, in this court, upon such a return the bill cannot regularly be, taken for confessed.
The circumstance of .Graves not being the defendant to whom the copy of the bill should have been delivered, cannot affect the case : for as by the provisions of the law the bill cannot be taken as confessed until a reg Jar service of process, the proceedings in this case without such a service, are irregular as respects Graves as well as Palmer, and consequently the former equally with the latter may avail himself of the irregularity.
The decree as to Graves is therefore erroneous and roust be reversed, the cause remanded to the court below and the order taking the bill for confessed against Graves set aside, and he have leave to answer the bill, should he apply for leave to do so; hut if he should not apply for leave to answer, then as by the laws now in force a copy of the bill need not be delivered, and as he has appeared to the cause an order again may be entered taking the bill for confessed, and such other proceedings had as may be necessary to a final decree. The plaintiff must recover his costs in this court.