## ELIJAH SWETLAND *vs.* WILLIAM STEVENS.

The manner in which attachment is served must appear in the return, and unless the return shows a legal service, it is cause of abatement.

When goods or chattels are attached, *the return* must show a copy was left, according to the statute, or it is cause of abatement.

This was a plea in abatement, for that it does not appear by the return that any copy was left with the defendant, or at his place of abode, though his goods were attached and he resided in the state. Demurrer and joinder. The judgment in the county court was, that the writ abate. Exceptions by plaintiff.

*William Mattocks for plaintiff.*—The defendant has not pleaded a fact, but the evidence of a fact. He should have averred that no copy was left, not that it does not so appear by the return, &c. The plea is argumentative and bad.—1 Chitty, 216.

Essex,
March,
1834.

Swetland
vs.
Stevens.

The copy might have been waived or delivered in season by a third person, and any proper excuse for not leaving a copy could have been replied to a direct plea of the fact, but now the plaintiff is improperly confined to the return. The plaintiff insists, that the officer's return is not the only evidence of service, as in case of sickness or death of the officer after service and before return.

*Steele* for defendant.

The opinion of the court was delivered by

COLLAMER, J.—The statute provides, when goods and chattels are attached, "a copy of said attachment and a list of the articles attached, attested by the officer serving the same, shall be delivered to the party whose goods and chattels are so attached, or left at the house of his, her or their usual abode, as is directed in service of summons." As to the service of summons, it is provided, that a true and attested copy thereof, with the officer's return, shall be delivered to the defendant, or left at the house of his usual abode, with some person of sufficient discretion, or in such situation as the defendant will probably receive it; and "the manner of such service shall be particularly expressed in the return made by the officer." Two things are fully provided by this statute; first, the mode of service—and secondly, the mode of return. The present is a plea in abatement for an insufficient *return*. This court have, on several occasions, very fully expressed an opinion, that the *return* must show a legal service to have been made, or the writ would abate; and that delivering or leaving a copy is an essential part of the service in the attachment of goods, being the only mode provided for giving notice to the defendant, and without this the service is essentially defective. This plea is therefore not a pleading of the evidence instead of the fact, and therefore argumentative, as the plaintiff's counsel insists; for it is a plea in abatement for defective *return*, and so directly alleges, and not for defect in service. If there can be any excuse for not leaving a copy, which does not appear by the return, the plaintiff might here have replied it.—*Marvin* vs. *Wilkins*, 1 Aik. Rep. 107—*Newton* vs. *Adams*, 4 Vt. Rep. 437.

Judgment affirmed.