## Bank of Rutland *v.* Ira Parsons.

The term " writ," in the statute, [Rev. St. c. 11, §40,] which enacts, that a sheriff shall not serve a writ in which he is a party, or interested, or in which a private corporation, of which he is a member, is a party, includes as well a writ of execution, as a writ of attachment.

When a statute prohibits any thing to be done, an act done in contravention of the prohibition must be adjudged inoperative and void, if the statute cannot otherwise be made effectual to accomplish the object intended by its enactment.

A sheriff, who receives an execution in favor of a private corporation, of which he is a member, is not liable for neglecting to levy and return it; and it makes no difference, that he served the original writ, in the suit in which the execution issued, by attaching property, and took a receipt for the property and had prosecuted a suit against the receiptor to final judgment, which was unsatisfied by reason of the insolvency of the receiptor.

TRESPASS ON THE CASE against the defendant, as sheriff of the county of Rutland, for not levying an execution in favor of the plaintiffs against Joel M. Rogers and Jonathan C. Dexter. Plea, the general issue, and trial by the court, September Term, 1847,— HALL, J., presiding.

On trial the plaintiffs gave in evidence a writ in their favor against Rogers and Dexter,—the record of a judgment in their favor there-

on,—the execution which issued thereon, for the ˏneglect to serve which this suit was brought,—and the receipt of the defendant, as sheriff, for the execution. The plaintiffs also offered in evidence a receipt, executed by one Bartlett to the defendant, for property at-attached upon the writ in favor of the plaintiffs against Rogers and Dexter,—an indorsement thereon, signed by Bartlett, acknowledg-ing that the property had been duly demanded of him,—the record of a judgment in favor of the plaintiff against Bartlett, founded upon the receipt,—and an execution, which issued thereon, and which had been returned unsatisfied. To the admission of this evi-dence the defendant objected, but the objection was overruled by the court. It was conceded, that the defendant was a stockholder in the Bank of Rutland at the time he served the original writ in their favor against Rogers and Dexter, and that he continued to be a member of the corporation until after the commencement of the present suit. It was also conceded, that Bartlett was insolvent, and that the judgment against him was never paid.

Upon this evidence the county court rendered judgment for the plaintiffs, for the amount of their judgment against Rogers and Dex-ter, with interest. Exceptions by defendant.

*E. Edgerton* for defendant.

The defendant was a member of the corporation, in whose favor the execution in question was issued ; and a levy by him would have been an illegal act. Rev. St. c. 11, §§ 40, 42. As a contract be-tween the parties, the undertaking of the defendant, expressed in the receipt given by him for the execution, to make the levy, was void, because it was a promise to do an illegal act. 1 Wheat. Selw. N. P. 50, n., citing *Morris* v. *Chapman*, T. Jones 24. A levy of the execution by the defendant would have been a trespass, which he could not be required to commit. *Hutchinson et al* v. *Lull*, 17 Vt. 133. The defendant could not by possibility make a valid service of the execution; any act of his, in attempting to serve it, would have been utterly void, as an official act. *Cleaveland* v. *Deming*, 2 Vt. 534. *Nelson* v. *Denison*, 17 Vt. 73. Rev. St. 170, § 10 ; 241, § 19.

Bank of Rutland *v.* Parsons.

*Foot & Hodges* for plaintiffs.

If service be made by an officer interested as a member of the corporation, or inhabitant of the town, for or against which the process issues, it can be taken advantage of only by plea in abatement. *Dunmore Manuf. Co.* v. *Rockwell,* Brayt. 18. *Holmes* v. *Essex,* 6 Vt. 47. *Fairfield* v. *Hall,* 8 Vt. 68. *Charlotte* v. *Webb,* 7 Vt. 38. *Kellogg ex parte,* 6 Vt. 509. *Adams* v. *Wiscasset Bank,* 1 Greenl. 361. *Merchants' Bank* v. *Cook,* 4 Pick. 405. Ang. & Am. on Corp. 577. *Sutton* v. *Cole,* 8 Mass. 96. The service is not void; it is legal notice to the defendant, and a judgment against him is neither void, nor voidable; and of course the execution upon it will be legal and valid. An officer might doubtless excuse himself from receiving a writ to serve, in which he was interested, and would not incur the statute penalty by his refusal; but if he receive it, thus giving an implied promise to serve it, he will be liable for his neglect to serve it, and cannot exonerate himself from that liability by force of the statute prohibition. An officer, holding process against a person privileged from arrest, is bound to serve it notwithstanding the claim of privilege, and the only remedy of the party is to claim his discharge by notice to the court, or on *habeas corpus;* but if he suffer judgment to pass against him, he will be bound by it. *Sperry* v. *Williams,* 1 Wend. 32. *Leave* v. *Bell,* 18 Johns. 52. *Fletcher* v. *Baxter,* 2 Aik. 224. *Tarleton* v. *Fisher,* Doug. 671. *Booraem* v. *Wheeler,* 12 Vt. 311. *Ex parte McNiel,* 3 Mass. 288; 6 Ib. 264. *Brown* v. *Getchell,* 11 Mass. 11.

Although an officer will be protected in executing a precept apparently regular, although it be really void for want of jurisdiction in the authority issuing it, or in levying an execution regular upon its face, though issued upon a void judgment, yet, if he will undertake to decide for himself as to its validity, he may do so at his peril;—if the process or judgment were really void, he will not be liable for neglect. *Albee* v. *Ward,* 8 Mass. 79. *Dillingham* v. *Snow,* 5 Mass. 558. *Hill* v. *Wait,* 5 Vt. 124. But the rule is otherwise, as to mere irregularity; and the officer is bound to execute the process. *Walden* v. *Davison,* 15 Wend. 575. *People* v. *Dunning,* 1 Wend. 16. *Parmelee* v. *Hitchcock,* 12 Wend. 96.

The prohibitory section of the statute is merely directory, and personal to the sheriff alone. *Holland* v. *Osgood,* 8 Vt. 270. *Warner* v. *Mower,* 11 Vt. 385.

It was necessary, that the plaintiffs, to preserve their lien upon the property attached, should deliver their execution to an officer within thirty days from the rendition of the judgment. *Enos* v. *Brown,* 1 D. Ch. 280. *Bliss* v. *Stevens,* 4 Vt. 88. By receiving and retaining the execution, the defendant, besides giving an implied promise to levy it, prevented its being delivered to another officer in season to preserve the lien ; and to allow him now to justify his neglect, on the ground of his interest, would be allowing him to take advantage of his own wrong.

The opinion of the court was delivered by

BENNETT, J. This is an action on the case against the defendant, as sheriff of the county of Rutland, to recover damages for his neglect of official duty, in not collecting an execution against Rogers and Dexter. The defendant long before and at the time he received the execution, and long afterwards, was a stockholder in the Bank of Rutland. The statute enacts, that, in all cases, in which the sheriff is a party, in name, or as a member of a private corporation, the high bailiff may serve the writ; and it expressly enacts, that the sheriff shall not, in such case, serve the writ. Although the statute uses the expression " the writ," yet we must regard this as a generic term, including as well a writ of execution, as a writ of attachment.

The ministerial power to serve a legal process must be conferred in every case, either mediately, or immediately, by virtue of some statute. The statute, in the case before us, not only omitted to confer the power upon the sheriff, but expressly incapacitates him to serve the writ. It is said in argument, that the statute is only directory ; but we think it is prohibitory, as well as directory, and prohibitory, too, in an eminent degree. It is not claimed, that the sheriff could have any common law power ; and it cannot well be seen, how a statute, *denying* the power, can be construed into one giving the power. If he had no *official* power to serve the writ of execution, how can he be guilty of *official* neglect, in not serving it ?

It may be regarded as a general principle, that, when a statute prohibits any thing to be done, an act done in contravention of the prohibition must be adjudged inoperative and void, if the statute cannot be otherwise made effectual to accomplish the object intended by its enactment. The case of *Nelson* v. *Denison,* 17 Vt. 73, was

Bank of Rutland v. Parsons.

decided upon this principle. In that case the officer served a justice writ more than sixty days previous to the time set in it for trial, against the prohibition of the statute ; and it was held, that the officer was not justified by the statute, and that he acquired no *lien* upon the property attached, as against an officer who subsequently took the property from him on a regular execution, although the debtor did not appear at the return day of the writ and object to the irregularity of the service. It would seem, upon the principles of that case, that the debtor might have had his action of trespass against the officer, unless precluded by his not appearing and objecting to the service, at the return day of the writ. To hold, that the sheriff could serve this writ of execution, would be to render the statute ineffectual and inoperative. No opportunity could be given to abate the process, and trespass should be maintainable against the officer. The officer had no authority to serve the process; and consequently his acts must be void. The defendant might have refused to have received the execution, and not have subjected himself to an action. His having received it cannot give him power to serve it, and save himself from an action. In *Dolbear* v. *Hancock*, 19 Vt. 388, the service was held *void* on account of the imperfect direction to a person deputed to serve the writ. The deputation conferred no power.

It is claimed, that, as the defendant served the writ of attachment without objection, took a receiptor, and pursued him to judgment, he is bound to go on and execute the final process, which was put into his hands by the bank. But we think this cannot alter the case, or clothe the defendant with *official power*; and without official power to perform an act, he cannot be guilty of *official neglect* for not doing it. It is said, that the defendant should be estopped from averring his want of power, inasmuch as he served the writ of attachment without objection, and took a receiptor for the property attached; but we know of no doctrine of *estoppels*, that can apply to such a case as this. We think it more reasonable, to hold the statute, which prohibits the defendant from executing this writ of execution, to be an *estoppel* upon the sheriff, though he disregarded its injunctions, in serving the original writ.

The result is, the judgment of the county court is reversed;— and, by consent, judgment is rendered for the defendant to recover his costs.