PENELOPE L. STANDLEY, APPELLANT, vs. JOSEPH M. ARNOW, APPELLEE.

1. Where the statute prescribes a particular mode of serving the process, and that the officer's return shall show the precise manner of service, a return stating that the process is "served on the within named party," is not sufficient to authorize the entry of a judgment or decree. The statute must be strictly pursued in such cases, otherwise the court has not jurisdiction of the person of the party to be served.

2. An appearance for the purpose of objecting to proceedings does not necessarily waive irregularities in the service of process.

3. An appeal by a defendant may be considered such an appearance in the cause that the Circuit Court, on the return of the cause, may proceed thereafter as though the appellant had been served with process.

The case is fully stated in the opinion of the court.

*J. J. Finley* for Appellant.

It is contended that the chancellor in the court below did not exercise a sound judicial discretion in refusing to set aside the decree *pro confesso*, which had been entered in the cause, and in not allowing the defendant to put in her answer. That relief against a decree *pro confesso* is a matter of sound discretion, see 1 Daniel Chy. Pr. and Pl., 509, note 2; 1 Johns. Chy., 539, 630.

24

It is contended that the chancellor should have set aside the master's report: 1st. For want of notice to the defendant of the time and place appointed for the examination before him. Rule 75, Chy. Rules for Cir. Ct. of United States. 2d. Because the last report "prepared over" by the master under the order of January, 1868, was irregular and without notice to the defendant.

It is contended that the defendant should have been allowed to make her exceptions to the last report made and returned by the master.

It is contended that the clerk of the court below should have entered in the order book the day of the return of the master's report. See Rule 83, Chy. Rules.

It is contended that the filing mark of the clerk should have been endorsed on the report of the master when it was returned to the clerk's office.

It is contended that the master should have given notice to the defendant of the time and place appointed by him for taking the account. Rule 75, above cited; 1 Daniel Chy. Pl. and Pr., 571.

It is contended that the defendant was not properly before the court when the decree *pro confesso* was entered in the cause, she not having been served with process in the manner required by law. See Thomp. Dig., 450; 1 Johns. Chy., 8; 3 Paige, 263; 10 Ohio, 275.

A rule for an answer, when process has not been rightly served, and a decree *pro confesso* for want of an answer, is irregular. 3 McLean, 283.

*C. P. Cooper* for Appellee.

The subpœna in original cause was returned to the first day of the term as prescribed by law. Thomp. Dig., p. 451, par. 5; Pamph. Acts Gen. Ass. of Fla. of 1858–9, organizing the Suwannee or Fifth Judicial Circuit, p. 29.

There was no appearance entered by appellant to the original bill of Arnow vs. Standley, either on the chancery order

book, or the bar, bench, or motion docket, and no answer, plea or demurrer filed, hence a decree *pro confesso* was taken. Thomp. Dig., p. 451, par. 5. Rules of Practice in Equity in Cir. Ct. U. S., Title—"Service of Process," "Appearance."

Appellant was sought to be represented by solicitor S. Y. Finley, Esq., on the day the final decree was rendered, on motion to vacate and set aside master's report, supported by affidavit of merits, but the court overruled the motion on the ground of laches and non-compliance with the law. Thomp. Dig., p. 457; 4 Fla., pp. 14–15.

Appellate court will not control discretion of the lower court.  6 Fla., 359.

No appeal lies from the decree in this case, because it is not an interlocutory decree and does not come under the provision of the Act of 1853, and because it is a final decree based upon a decree *pro confesso*.  4 Fla., 11, 206; 12 Fla., 300.

Courts do not favor laches; " the law is made for the vigilant and not the sleeping," is a maxim on which all courts, whether of equity or common law, act.  Broome's Legal Maxims, 857; 1 Story's Eq. Jur., last clause of sec. 200; 2 Story's Jur., secs. 894–5–6–7; Hilliard on Inj., 24–5, sec. 43; Broome's Legal Maxims, 325–4; Bouvier's Law Dict., 2 vol. Title—" Laches."

L. Dozier, assignee of J. M. Arnow, is an innocent third party purchaser, as appears by assignment endorsed on the decree, and made a matter of record in said cause.  The rights of such are protected by courts of equity.  Story's Eq. Jur., vol 1, secs. 108, 165, 381, 409, 410, and note 411, 434, 436, 630, 631; Fonblanque's Eq., 54, sec. 8, note; ib., 412, note; 1 Johns. Chy., 300; Mun., 557; 2 Mun., 314; 1 Wash., 217; 3 Yeates, 271; 8 Sarg. & Rawles, 446; 2 Des., 323; ib., 563; 1 McCord, 119; 2 Fla. S. C. R., 268, 269.

Fraud or irregularity (even if the same existed,) does not

.affect an innocent third party purchaser without notice, and such notice must be *alleged.* 4 Fla. S. C. R., 21; 2 Fla. S. C. R., 268, 269.

No irregularity or fraud appears by the record, and appellant is bound by the record and cannot invoke anything extrinsic or *de hors* the record. 5 Fla., 533; 4 Fla., 21; Broome's Legal Max., 327.

The decree *pro confesso* was in conformity with the rules of practice. Index S. C. R., Rules of Practice, p. 202, sec. 4; p. 203, sec. 5; p. 205, secs. 18, 19, under head "Bills taken *pro confesso.*"

RANDALL, C. J., delivered the opinion of the Court.

A subpœna in chancery was issued on the 29th of August, 1866, directed to the appellant, requiring her to appear at the next term of the Circuit Court for the county of Alachua, to answer to a bill of complaint of the respondent.

The subpœna was returned, endorsed as follows: "Executed by serving a true copy on the within named party, September 11, A. D. 1868. John C. Cosby, Sheriff, S. C. Bevill, Deputy Sheriff."

On the first Monday of November, 1867, the complainant entered an order that the bill be taken as confessed, the defendant not appearing, which order was confirmed and made absolute by the Judge November 20, 1867, and the cause referred to a master to take an account, &c.

On January 15, 1868, the defendant, by her solicitor, moved the court to set aside the report of the master, for want of notice of the hearing before him, and also to set aside the order *pro confesso* on the ground that she had a meritorious defence, and because no subpœna in said cause had been served upon her, which motion was overruled by the court.

A final decree was entered in June, 1868, against the appellant for the sum of seven thousand, seven hundred and

four 67-100 dollars, from which decree she has appealed to this court.

In view of the conclusion to which we have arrived upon one ground, sustained by abundance of authorities, it is unnecessary to consider other points in the disposition of this case.

The seventh ground stated in the petition of appeal is, " that the defendant in the court below was not properly before the court when the decree *pro confesso* was entered, she not having been served with process in the manner required by law."

The statute provides that the service of subpœna in chancery " may be either by a delivery of a copy thereof to such defendant, showing the original at the time of such delivery, or to the wife of such defendant, or any white person above the age of fifteen years, residing in his family at the time of such delivery, at the dwelling house or usual place of abode of such defendant ;" and when such service shall be made by the officer of the court, " it shall be his duty to note in writing the time at which it came to his hands, and when served, the *manner* of the service thereof, which note shall. be subscribed with his name and office ;" and " to make return of all process placed in his hands, and of the proceedings thereon, immediately after the execution or service thereof." Thomp. Dig., 450–51.

It is contended by the appellant that the return by the sheriff, " executed by serving a true copy on the within named party," is not such evidence of service as the law requires, in order to lay a foundation for subsequent proceedings against her. If the evidence of service was not sufficient to found such proceedings upon, then clearly the complainant was in error, and the defendant is entitled to a reversal of all the orders and proceedings had subsequent to the filing of the bill and issuing the subpœna.

The doctrine that no person shall be deprived of property unless by due process of law, reiterated in all American con-

stitutions, gives every person the right to demand that the law shall be strictly complied with in all proceedings which may affect his title to his property.

The courts, in pronouncing judgments against persons, must have jurisdiction of the subject matter and of the persons affected. A defect in the jurisdiction of the court may render its proceedings void. Where the statutes point out the mode of acquiring jurisdiction over the person, it must be strictly pursued.

Our statute points out the particular manner in which the court of chancery may obtain jurisdiction over parties defendant, and the courts cannot recognize any other mode of acquiring such jurisdiction, except by the consent of the party. In this case, as in all cases, the defendant is not bound to answer unless he is served with the process of the court. To constitute "service," the steps designated by the law must be followed, and one of the several modes must be shown, by the officer's return, to have been pursued ; otherwise the court is not informed whether the party is before it. The statute requires the method of service to be reported to the court by its officer, in order that the court may determine whether the party is properly summoned. The ordinary presumption that an officer has properly performed a service, does not arise where the particular acts constituting the service are required to be set forth, as in the statute referred to ; and if there be no such evidence of service as the law requires, the defendant is not required to appear and answer. Not only is the return of the sheriff deficient in reference to the manner of service, but it may be considered uncertain whether the word "party" refers to the defendant. The return says: "Served on the within named *party*." If the service had been upon the complainant, the return would be equally true as though it were on the defendant, for both are "named" in the writ.

There is certainly no evidence of service in this case, without resorting to the presumption that the sheriff has

done what the law required.   Justice Bronson, in the opinion of the Supreme Court of New York, in Bloom vs. Burdick, 1 Hill, 136, says :   " I do not think that much importance should be given to that presumption where, as in this case, it is resorted to for the purpose of making out a vital juris-. dictional fact."   " The rule that there must be jurisdiction of the person, as well as the subject matter, has been steadily upheld by the courts, and it cannot be relaxed without opening a door to the greatest injustice and oppression."

The Supreme Court of Illinois, in Wilson vs. Greathouse, 1 Scammon, 174, says :   " It is essential to the exercise of all jurisdictions rendering judgments or decrees affecting the persons or property of individuals, where the proceeding is by summons directed to the defendants, that they should have indisputable evidence before them that the party to be affected by their judgments or decrees is regularly before them, otherwise their proceedings are *coram non judice ;* consequently irregular and void.   This evidence must be actual or constructive.   Now where there is no evidence that the process by which the party is to be called before the court has been duly served according to the law prescribing the time and manner of service, can it be contended that a judgment may be rendered against such party by default, and execution issue against him ?   The plaintiff, in a case where the defendant does not appear, proceeds at his peril; he is bound to see that all antecedent proceedings are regular, and if they are not, he necessarily consents to meet the consequences of such irregularities."   And in Dilty vs. Chambers, 2 G. Greene, (Iowa,) 479, the court says :   " When the statute points out the manner of service, the officer must follow its directions.   It is the service which brings the defendant into court, and unless the return shows the writ to have been served according to the statute, the defendant is not obliged to respond to it.   The return of the officer should show a strict compliance with the law, as nothing will be presumed in its favor when it appears that the requirements

of the statute have not been observed." The statute referred to is substantially like ours.

This view is sustained in Gilbreath vs. Kuy Kendall, 1 Pike, 50; Clemson & Hunter vs. Hanm, 1 Scammon, 175; Smith vs. Cohea, 3 How., (Miss.,) 35; 5 How., 661; 1 Smedes & Marsh., 595; 6 Vt., 577; 2 Gill, 62; 6 N. H., 217; 4 Vt., 119; 2 Bibb, 572; 4 ib., 84, 168.

An appearance by the appellant for the purpose of making a motion, based upon an alleged irregularity, and asking leave to defend, is not such an appearance as will waive service of process or cure the irregularity.

An appearance for the purpose of moving to quash a summons, is not such an appearance as will authorize a judgment. Ferguson vs. Ross, 5 Ark., 617; Kimball vs. Merrick, 20 Ark., 12; Abbott vs. Simple, 25 Ill., 107.

A general appearance in a cause indicates that a party consents to the jurisdiction; but where a party appears and questions the jurisdiction by a motion based upon an alleged defect of jurisdiction, it would be a violent presumption to say that he consents by objecting. It was also held, in Maude vs. Rode, 4 Dana, 144, that the fact that a party appeared on the hearing in the inferior court and objected to the jurisdiction, did not authorize a decree against him.

The decree of the Circuit Court, and all the orders and proceedings therein subsequent to the return of the subpœna, must therefore be reversed, with costs; but as the appellant has made herself a party to the suit by voluntarily appearing and prosecuting her appeal, she must, upon the return of the cause to the Circuit Court, be considered as regularly before the court in like manner as if she had been duly served with process.

This course has long been pursued by the Court of Appeals in Kentucky and the Supreme Court of Arkansas, and is adopted as a proper practice in like cases. *Vide* 1 Pike, 50, 376, 386, 405; 4 Bibb, 84, 167.

This cause is, therefore, remanded to the Circuit Court for

the county of Alachua, to be proceeded in by that court as though the defendant below had been duly served with process returnable on the rule day next after the filing of a certified copy of the mandate of this court in the office of the clerk of said Circuit Court.