GLICKSTEIN, Judge.
This is an appeal from two orders of the trial court, denying a defendant’s motion to set aside a default entered by the'clerk and his subsequent motion for rehearing. We reverse and remand.
Appellees are husband and wife. They alleged in their amended complaint that appellant, while employed as a security guard at the entry gate of a residential development in Broward County, beat up the husband and did him in verbally as well. The wife’s claim was for loss of consortium.
Appellees sent a summons to the sheriff of Forsythe County, Georgia, for service upon appellant along with a subpoena for his deposition. There seems to be no question that appellant was served with both on January 13, 1983. Five weeks later, appel-lees filed with the clerk a motion for default which had attached thereto an “Affidavit of Services.” Appellees’ appendix reflects a document, signed by a deputy sheriff. The name of a notary public appears without other identity of jurisdiction or seal. The document recites that appellant was served on January 13, 1983, at Route # 1, Box 158 in Gainesville, Georgia. It does not recite the time of service. The summons was apparently lost.
Section 48.21, Florida Statutes (1981), provides:
48.21 Return of execution of process. —All officers to whom process is directed shall note on it the time when it comes to hand, the time when it is executed, the manner of execution, the name of the person on whom it was executed and if such person is serviced in a representative capacity, the position occupied by him. A failure to state the foregoing facts invalidates the service, but the return is amendable to state the truth at any time on application to the court from which the process issued. On amendment, service is as effective as if the *1127 return had originally stated the omitted facts. A failure to state all the facts in the return shall subject the officer so failing to a fine not exceeding $10, in the court’s discretion.
Section 48.194, Florida Statutes (1981), provides:
48.194 Personal service outside state. —Service of process on persons outside of this state shall be made in the same manner as service within this state by any officer authorized to serve process in the state where the person is served. No order of court is required. An affidavit of the officer shall be filed, stating the time, manner, and place of service. The court may consider the affidavit, or any other competent evidence, in determining whether service has been properly made.
It can be seen that appellees did not comply with the foregoing statutes; therefore the clerk should not have entered the default, it being incumbent upon that court officer and his deputies to examine what is filed with them as a predicate for default in light of statutory requirements. Of course, appellees’ counsel should not have requested the default any more than the clerk should have entered it in light of those requirements.
The effect of non-compliance with the statutes has been spelled out in Klosenski v. Flaherty, 116 So.2d 767 (Fla.1959). While we shall not quote lengthily from it, attorneys in the district would perhaps gain from reading it. It is sufficient here to restate the holding therein; namely, that while jurisdiction over appellant’s person was effected by the personal service, the failure to comply with the remaining statutory requirements placed the jurisdiction, like Rip Van Winkle, into a state of dormancy during which period the trial court was without authority to enter a default. It follows that the clerk’s hands were similarly tied in this case. Accordingly, the trial court should have granted appellant’s motion to set aside the clerk-originated default and to allow the filing of the tendered answer, affirmative defenses and counterclaim.
We note, in closing, that appellant’s deposition and brief suggest on one occasion the 210 pound plaintiff/appellee husband, a former Marine, was drunk and beat up the 140 pound defendant/appellant security guard. The contradictory allegations of the parties of course had no bearing on our disposition of this appeal, but should make for an interesting trial — certainly if any ex-Marines serve on the jury!
ANSTEAD, C.J., and LETTS, J., concur.