DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**DENSYL ALEXIS DIAZ RODRIGUEZ,**
Appellant,

v.

**HSBC BANK USA, N.A.,** as Trustee for Deutsche Alt-A Securities Inc.,
Mortgage Pass Through Certificates Series 2006-AR2,
Appellee.

No. 4D22-1478

[November 23, 2022]

Appeal of a nonfinal order from the Circuit Court for the Seventeenth Judicial Circuit, Broward County; Andrea Gundersen, Judge; L.T. Case No. CACE17014121.

W. Trent Steele of Steele Law, Hobe Sound, for appellant.

Richard S. McIver of Kass Shuler, P.A., Tampa, for appellee.

WARNER, J.

A defendant in a residential foreclosure case appeals an order denying his motion to quash service of process, set aside the default, and vacate the default final judgment. The parties agree that the original return of service was defective on its face. Because we conclude that the bank did not properly amend the return of service or prove actual service on the defendant, we reverse.

Appellee bank, HSBC, owned a mortgage executed in 2006 on a property that was transferred to appellant, Densyl Alexis Diaz Rodriguez, by quit claim deed in March 2017.The bank filed a foreclosure complaint in July 2017 and added Rodriguez as a defendant in April 2018. A return of service was filed reflecting that Rodriguez was served with process on July 21, 2018. The return listed the service address as a specific street address in Cidra, Puerto Rico. The return did not state the manner of service or time of service. The return stated that the person served was not married but contained no other description, and the section for comments was left blank. Rodriguez did not answer, and the bank secured a default and then a default final judgment in March 2019.

In August 2021, Rodriguez filed a verified motion to quash service of process, set aside the default, and vacate the default final judgment. He claimed that he was never served with process. He also argued that the return of service was defective on its face because it did not indicate the manner or time of service and falsely stated that he was not married.

The day after Rodriguez filed his motion, the bank filed an amended return of service. The box for "individual service" was checked, indicating that service was completed by delivering a copy of the complaint and summons to the named defendant, but no other changes were made.

In December 2021, Rodriguez filed a supplemental motion, arguing that the amended return of service was still defective on its face because it still did not indicate the time of service and still falsely stated that he was not married. Less than an hour after Rodriguez filed his supplemental motion, the bank filed a second amended return of service. The time of service, 3:10 p.m., had been hand-written on the return.

The court held an evidentiary hearing on Rodriguez's motions. At the start of the hearing, the bank made an ore tenus motion to accept the amended returns of service as relating back to the original return. Over Rodriguez's objection, the court determined that it was authorized to accept the amended returns. The court also determined that the second amended return was facially valid, and therefore Rodriguez had the burden of proving that service was not proper.

Rodriguez testified that he was not served with process and did not find out about the foreclosure case until after the default final judgment was entered. He testified that he lived at an address in Cidra, Puerto Rico, which was different from the address reflected on the return of service. He had owned that home, which is located inside a gated community, since 2006. He testified the address reflected on the return of service is the mailbox address for his home, the mailbox being located in an area outside the gated community. He testified that a homeowner must give permission for anyone to come inside the gated community where the homes are located.

Rodriguez also testified that, at the time of the alleged service in July 2018, he and his wife were staying at his father's house in a different city because his father was injured and needed help. His sister-in-law and her husband were staying at the home in Cidra. He and his wife had returned home around the end of the year. The bank's attorney impeached this testimony by showing that Rodriguez had stated in a bankruptcy petition

2

filed in 2019 that he had lived at the home in Cidra continuously for the past three years.

The process server also testified. He had no independent recollection of serving Rodriguez and did not have any notes, papers, or photographs related to the service. He testified that, based on the original return of service, he was "pretty sure" that he had served Rodriguez at the property in Cidra on July 21, 2018. He admitted that he made a "mistake" in failing to indicate the manner of service in the original return of service and in failing to write down the time he served Rodriguez. He testified that he knew he must have served Rodriguez individually because, if he had substitute served someone else, he would have written down who it was. He also testified that, because he indicated on the original return of service that Rodriguez was not married, the person he served must have said that he was not married.

On cross-examination, Rodriguez's attorney asked the process server how he could have known more than three years after the alleged service, and without any notes or independent recollection, that he had served Rodriguez at 3:10 p.m. as stated in the second amended return of service. The process server explained that the date of service was a Saturday, and he "usually" started working at noon on Saturdays. Rodriguez's house was about 75-90 minutes from his house, so he calculated that he must have served him sometime between 2:00 p.m. and 4:00 p.m. From that window of time, he chose 3:10 p.m. "at random."

The court ruled that it would accept the amended returns of service based on the process server's testimony. The court reiterated that Rodriguez had the burden of proving that service was not proper because the second amended return was facially valid. The court expressed concern that there were "so many t's not crossed and so many i's not dotted," especially as to the time of service, but the court ultimately concluded that the process server's testimony was credible, and Rodriguez's testimony was not credible. The court specifically found that Rodriguez's testimony that he was not living at the home in Cidra in July 2018 was not credible in light of the statement in his bankruptcy petition that he had lived there continuously from 2016 to 2019. And the court noted that Rodriguez did not offer any evidence that he was not home during the window of time which the process server identified.

The court later entered a written order (1) granting the bank's request to accept the amended returns of service, nunc pro tunc to the date of the original return of service, and (2) denying Rodriguez's motion to quash

service of process, set aside the default, and vacate the default final judgment. Rodriguez appeals the trial court's order.

We review the court's legal rulings de novo, and we review its factual findings for competent substantial evidence. *See Davidian v. JP Morgan Chase Bank*, 178 So. 3d 45, 47 (Fla. 4th DCA 2015); *Mills Corp. v. Amato*, 72 So. 3d 814, 815 (Fla. 4th DCA 2011).

As the Florida Supreme Court explained in *Koster v. Sullivan*, 160 So. 3d 385 (Fla. 2015):

> Statutes governing service of process must be strictly construed and enforced. *Shurman v. Atl. Mortg. & Inv. Corp.*, 795 So. 2d 952, 954 (Fla. 2001). . . . "The doctrine that no person shall be deprived of property unless by due process of law, reiterated in all American constitutions, gives every person the right to demand that the law shall be strictly complied with in all proceedings which may affect his title to his property." *Standley v. Arnow*, 13 Fla. 361, 365–66 (Fla. 1869). An essential part of this due process protection is that a court that seeks to enter and subsequently enforce a judgment against an individual "must have jurisdiction of the subject matter and of the persons affected. A defect in the jurisdiction of the court may render its proceedings void. Where the statutes point out the mode of acquiring jurisdiction over the person, it must be strictly pursued." *Id.* at 366.

*Id.* at 388. The Court in *Koster* further explained that "[t]he return of service is the instrument a court relies on to determine whether jurisdiction over an individual has been established." *Id.* (citing *Klosenski v. Flaherty*, 116 So. 2d 767, 768–69 (Fla. 1959)).

The return of service "is no part of the service—either to add to or detract from it—but is merely evidence to enable the trial judge to conclude that the court has acquired jurisdiction of the person of the defendant, or has not done so, as the case may be." *Klosenski*, 116 So. 2d at 768–69. "There may be valid service and a defective return, or there may be invalid service and a return showing valid service." *Id.* at 769 (citations omitted).

The party seeking to invoke the court's jurisdiction has the burden of proving valid service of process before the court can enter a judgment against the opposing party. *See Koster*, 160 So. 3d at 389. If the return of service is shown to be regular on its face, the court can presume that

4

service was valid and that it has lawfully obtained personal jurisdiction over the party served, unless that party proves by clear and convincing evidence that service was not valid. *See id.*; *Davidian*, 178 So. 3d at 47; *Romeo v. U.S. Bank Nat'l Ass'n*, 144 So. 3d 585, 586 (Fla. 4th DCA 2014); *Bank of Am., N.A. v. Bornstein*, 39 So. 3d 500, 503 (Fla. 4th DCA 2010). If the return of service is defective on its face, however, it cannot be relied on as evidence that service was valid, and the party seeking to invoke the court's jurisdiction retains the burden of proving valid service and must prove valid service by other means. *See Romeo*, 144 So. 3d at 586, 587–88; *Bornstein*, 39 So. 3d at 503; *see also Vives v. Wells Fargo Bank, N.A.*, 128 So. 3d 9, 15–16 (Fla. 3d DCA 2012).

Section 48.21, Florida Statutes (2018), states that service is invalid if the return of service fails to include the date and time process was received, the date and time it was served, the manner of service, the name of the person who was served, and the position of the person who was served if they were served in a representative capacity. Section 48.21(2) provides that a return of service can be amended to include the necessary facts "at any time on application to the court from which process issued." § 48.21(2), Fla. Stat. (2018). "On amendment" of the return of service, "service is as effective as if the return had originally stated the omitted facts." *Id.*

The parties agree that the original return of service in this case was defective on its face because it failed to state the manner and time of service as required by section 48.21(1). Rodriguez argues that the court erred in accepting the amended returns, which were filed after a default judgment was entered against him, and in finding that the second amended return of service was facially valid, without requiring the bank to prove the facts omitted from the original return of service. We agree.

A statute that is clear and unambiguous must be given its plain and obvious meaning. *E.g.*, *Koster*, 160 So. 3d at 390. Section 48.21(2) provides that a return of service can be amended to include omitted facts "on application to the court from which process issued" and that, "[o]n amendment, service is as effective as if the return had originally stated the omitted facts." § 48.21(2), Fla. Stat. (2018). The plain meaning of this language is that a return of service which is defective because it omits necessary facts remains defective until the court permits an amendment that supplies the omitted facts. When the return of service is defective, it cannot be relied on as evidence that service was valid, and the party seeking to invoke the court's jurisdiction retains the burden of proving valid service before a judgment can be entered. *See Koster*, 160 So. 3d at

388–89; *Romeo*, 144 So. 3d at 587–88; *Vives*, 128 So. 3d at 15–16; *Bornstein*, 39 So. 3d at 503.

The court in this case put the cart before the horse, so to speak. Before taking any evidence, the court accepted the amended returns of service, determined that the second amended return was valid on its face, and placed the burden on Rodriguez to overcome the presumption that service was valid and conferred jurisdiction upon the court to enter the default judgment. This was error. The bank needed to prove the facial validity of the second amended return for the court to accept it as amending the original return and creating a presumption of valid service. *See Koster*, 160 So. 3d at 389 (stating that the party seeking to invoke the court's jurisdiction must demonstrate the facial validity of the return of service). Alternatively, the bank needed to prove that service was in fact valid despite the facial invalidity of the return. *See Klosenski*, 116 So. 2d at 768–69. The bank's evidence proved neither.

The bank failed to prove the facial validity of the second amended return of service because the time of service that was added was purely speculative. The process server testified that he did not independently recall serving Rodriguez and had no notes or papers relating to the service. He admitted that he failed to note the time of service on the original return of service and chose a time essentially "at random" when he was asked to amend the return more than three years later. We conclude that the court erred in accepting the second amended return as amending the original return because the amendment of the time of service was not supported by competent substantial evidence. *See Ahern v. Leon*, 332 So. 3d 1028, 1030 (Fla. 4th DCA 2022) (quoting *Realauction.com, LLC v. Grant St. Grp., Inc.*, 82 So. 3d 1056, 1059 (Fla. 4th DCA 2011)) ("Speculative testimony is not competent substantial evidence."). Thus, the return of service remained defective, did not create a presumption of valid service, and could not be used by the bank as evidence that service was valid.

The bank also failed to prove that service was in fact proper despite the facial invalidity of the return of service. Again, the process server did not independently recall serving Rodriguez and had no notes or papers relating to the service. The process server testified that he was "pretty sure" he had served Rodriguez based on the original return of service. Yet the only information included in that return about the person served was that the person was not married. Rodriguez testified that he was married. Therefore, the only information which the process server included in the return of service indicated that the process server did not actually serve

6

Rodriguez. The bank offered no other evidence to prove that Rodriguez was actually served.[1]

For these reasons, we conclude that the court erred in accepting the second amended return of service and in denying Rodriguez's motion to quash service of process, set aside the default, and vacate the default final judgment. We therefore reverse the order on appeal. On remand, the court shall vacate the default and the default final judgment, quash service of process, and conduct further proceedings consistent with this opinion.

*Reversed and remanded.*

KLINGENSMITH, C.J., and LEVINE, J., concur.

*        *        *

**Not final until disposition of timely filed motion for rehearing.**

---

[1] Even if we were to uphold the court's acceptance of the second amended return of service or conclude that the bank otherwise proved valid service, we would still hold that the court was required to vacate the default and the default final judgment. In *Tetley v. Lett*, 462 So. 2d 1126 (Fla. 4th DCA 1984), it was undisputed that the defendant was served with process, but the return of service did not list the time of service or include a notary seal. *Id.* at 1126. The defendant did not answer, and the clerk entered a default. *See id.* We held that, while the service was sufficient to obtain personal jurisdiction over the defendant, the failure to strictly comply with the statutory requirements placed that jurisdiction into a "state of dormancy" during which the clerk did not have the authority to enter a default. *Id.* at 1127; *see also Re–Emp. Servs., Ltd. v. Nat'l Loan Acquisitions Co.*, 969 So. 2d 467, 471 (Fla. 5th DCA 2007) (stating that, "[w]hen there is an error or omission in the return of service, personal jurisdiction is suspended and it 'lies dormant' until proper proof of valid service is submitted"); *Chigurupati v. Progressive Am. Ins. Co.*, 132 So. 3d 263, 265–66 (Fla. 4th DCA 2013) (holding that, even though the plaintiff eventually established proper service of process, a defect on the face of the return of service rendered jurisdiction dormant, and the clerk lacked the authority to enter a default during the period of dormancy). Here, because the original return of service was defective on its face, any personal jurisdiction over Rodriguez lay dormant and the court lacked the authority to enter the default, and the default judgment, regardless of whether the bank later filed a facially valid return of service or otherwise proved that service was valid.

7