# Supreme Court of Florida

_____

No. SC13-159
_____

**LANCE KOSTER,**
Petitioner,

vs.

**CAROL SULLIVAN,**
Respondent.

[February 5, 2015]

LABARGA, C.J.

This case is before the Court for review of the decision of the Second

District Court of Appeal in Koster v. Sullivan, 103 So. 3d 882 (Fla. 2d DCA 2012).

In its decision, the district court ruled upon the following question, which the court

certified to be of great public importance:

> IS A RETURN OF SERVICE, IN ORDER TO BE DEEMED
> REGULAR ON ITS FACE SUCH THAT THE PARTY SEEKING
> TO ESTABLISH SERVICE IS ENTITLED TO A PRESUMPTION
> OF VALID SERVICE, REQUIRED TO EXPRESSLY LIST THE
> FACTORS DEFINING THE "MANNER OF SERVICE"
> INDICATED ON THE RETURN THAT ARE OTHERWISE
> IDENTIFIED IN STATUTES DEFINING SERVICE BUT ARE
> NOT INCLUDED IN THE FACIAL LANGUAGE OF SECTION
> 48.21 DEFINING INVALID SERVICE?

Id. at 886-87.  We have jurisdiction.  See art. V, § 3(b)(4), Fla. Const.  For the reasons we explain in this opinion, we answer the certified question in the negative.  We hold that a facially valid return of service is not required to expressly list the factors defining the "manner of service" contained in section 48.031(1)(a), Florida Statutes (2009), which are not included in the requirements of section 48.21, Florida Statutes (2009), defining valid return of service.

## FACTS AND PROCEDURAL BACKGROUND

This case arose as a result of a complaint filed by Carol Sullivan against Lance Koster.  On November 7, 2009, a process server delivered a summons and a copy of the complaint to Koster's residence.  Koster was not home at the time, and the documents were left with Koster's sister-in-law, Pat Hassett, who was present in the home when the delivery was made.  When Koster did not file an answer or other responsive pleadings, a clerk's default was entered against him.  Koster failed to appear at the hearing on Sullivan's motion for final default judgment, but he subsequently filed a motion to set aside the default, set aside the final default judgment, and quash service of process on the bases that service was defective and that the return of service was defective on its face.

The trial court held an evidentiary hearing and determined that the return of service was not facially defective, thus giving rise to the presumption that service was properly made based on the facial regularity of the return.  The evidence

presented at the hearing conflicted as to whether Koster's sister-in-law actually resided at the address served and was therefore capable of accepting service on Koster's behalf. Additionally, Koster's sister-in-law could not testify that, at the time of service, the process server did not explain the contents of the documents to her. Therefore, the trial court concluded that Koster did not meet the clear and convincing evidence standard to rebut the presumption that service was proper and denied his motion.

Koster appealed the trial court's decision to the Second District Court of Appeal challenging the denial of his motion. Because the return of service met the textual requirements of section 48.21, the Second District stated that the issue was whether meeting the requirements of that section included listing the elements of the "manner of service" from section 48.031(1)(a) to establish that the return was regular on its face. Koster, 103 So. 3d at 885. The district court rejected Koster's argument that in specifying the manner of service under section 48.21, the process server was also required to list the specific factors for substitute service under section 48.031(1)(a). Id. at 886. The court added: "But the determination that a return is regular on its face, no matter what type of service, is governed only by the language of section 48.21 and does not require express reference to section 48.031(1)(a) or any other statute that serves to define a specified manner of service." Id. at 885. The court noted that evidence that any of the factors listed in

section 48.031(1)(a) were not present in the service could be used by Koster in rebutting the presumption of service; however, a strict construction of section 48.21 did not require an explicit identification of those factors in the return of service. Id.

The district court certified conflict with three decisions[1] from the Third District Court of Appeal and certified the above question as one of great public importance. Id. at 886-87. We granted review based on the certified question.

## ANALYSIS

Two statutes are at issue in this case. Section 48.21 governs the return of execution of process, and section 48.031(1)(a) governs service of process generally. In sum, Koster argues that a valid return of service under section 48.21 requires the express inclusion of the factors contained in section 48.031(1)(a).

### Relevant Statutes and Standard of Review

When process was served in this case, section 48.21 provided as follows:

> **48.21 Return of execution of process.** — Each person who effects service of process shall note on a return-of-service form attached thereto, the date and time when it comes to hand, the date and time when it is served, the manner of service, the name of the person on whom it was served and, if the person is served in a representative capacity, the position occupied by the person.

---

1. These decisions were: Robles-Martinez v. Diaz, Reus, & Targ, LLP, 88 So. 3d 177 (Fla. 3d DCA 2011); Gonzalez v. Totalbank, 472 So. 2d 861 (Fla. 3d DCA 1985); and Herskowitz v. Schwarz & Schiffrin, 411 So. 2d 1359 (Fla. 3d DCA 1982).

- 4 -

> A failure to state the foregoing facts invalidates the service, but the return is amendable to state the truth at any time on application to the court from which the process issued. On amendment, service is as effective as if the return had originally stated the omitted facts. A failure to state all the facts in the return shall subject the person effecting service to a fine not exceeding $10, in the court's discretion.[2]

§ 48.21, Fla. Stat. (2009). The pertinent portion of section 48.031 provided:

> **48.031 Service of process generally; service of witness subpoenas. —**
> (1)(a) Service of original process is made by delivering a copy of it to the person to be served with a copy of the complaint, petition, or other initial pleading or paper or by leaving the copies at his or her usual place of abode with any person residing therein who is 15 years of age or older and informing the person of their contents. Minors who are or have been married shall be served as provided in this section.

§ 48.031(1)(a), Fla. Stat. (2009).

The certified question involves the interpretation of section 48.21 and, more specifically, requires this Court to determine whether, in addition to the requirements of section 48.21, a facially valid return of service must also include the factors relating to manner of service under section 48.031(1)(a). Because the certified question involves the interpretation of a Florida statute, the proper standard of review is de novo. See Tasker v. State, 48 So. 3d 798, 804 (Fla. 2010).

---

2. The applicable portion of section 48.21 was amended by chapter 2011-159, § 5, at 2863, Laws of Florida, after the service of process in Koster. However, the amendments concern only the signature of the person who effects service of process and do not affect the issues raised in the certified question or this Court's analysis.

## Service of Process and Returns of Service

Statutes governing service of process must be strictly construed and enforced.  Shurman v. Atl. Mortg. & Inv. Corp., 795 So. 2d 952, 954 (Fla. 2001).  This Court has explained: "The doctrine that no person shall be deprived of property unless by due process of law, reiterated in all American constitutions, gives every person the right to demand that the law shall be strictly complied with in all proceedings which may affect his title to his property."  Standley v. Arnow, 13 Fla. 361, 365-66 (Fla. 1869).  An essential part of this due process protection is that a court that seeks to enter and subsequently enforce a judgment against an individual "must have jurisdiction of the subject matter and of the persons affected.  A defect in the jurisdiction of the court may render its proceedings void.  Where the statutes point out the mode of acquiring jurisdiction over the person, it must be strictly pursued."  Id. at 366.  However, "strict construction" does not support reading additional requirements into the express language of a statute.

The return of service is the instrument a court relies on to determine whether jurisdiction over an individual has been established.  See Klosenski v. Flaherty, 116 So. 2d 767, 768-69 (Fla. 1959) ("Many other decisions of this court show clearly that the officer's return is no part of the service—either to add to or detract from it—but is merely evidence to enable the trial judge to conclude that the court

has acquired jurisdiction of the person of the defendant, or has not done so, as the case may be."). This Court has further explained:

> If the return is regular on its face, it serves "as a virtual basis for the Court to assume that it has lawfully obtained jurisdiction over the person of the defendant," [Rorick v. Stilwell, 133 So. 609, 610 (Fla. 1931)], for the purpose of entering judgment by default against such defendant. If, however, the return is defective on its face, it "cannot be relied upon as evidence that the court acquired jurisdiction over the person of the defendant to whom said subpoena was directed," [Gibbens v. Pickett, 12 So. 17, 18 (Fla. 1893)], so that a decree pro confesso entered upon the basis of such a return should be set aside. [See Standley v. Arnow, 13 Fla. 361 (Fla. 1869)].

Id. at 769.

The Florida Legislature has identified four facts that a return of process shall note: (1) the date and time that the pleading comes to hand or is received by the process server, (2) the date and time that process is served, (3) the manner of service, and (4) the name of the person served and, if the person is served in a representative capacity, the position occupied by the person. See § 48.21, Fla. Stat.

The party who seeks to invoke the court's jurisdiction bears the burden of proving proper service. This burden requires the party to demonstrate that the return of service is, under section 48.21, facially valid or regular on its face. A return of service that is regular on its face must include the statutory factors contained in section 48.21. See Re-Emp't Servs., Ltd. v. Nat'l Loan Acquisitions Co., 969 So. 2d 467, 472 (Fla. 5th DCA 2007) (concluding that a return of service was "defective on its face because it not only failed to accurately note the date and

time the process came to hand, but also it actually stated that it came to hand before the summonses were even issued.").  "If the return is regular on its face, then the service of process is presumed to be valid and the party challenging service has the burden of overcoming that presumption by clear and convincing evidence."  Id. at 471 (citing Klosenski, 116 So. 2d at 769).

## Koster

There is no question that the return of service in Koster satisfies the express statutory requirements of section 48.21.  The return of service specifies the date and time that the process server received the summons and complaint, the date and time of service, that the manner of service was substitute service, and that the person served was Pat Hassett, Koster's sister-in-law and co-resident.  But, the issue in this case boils down to how specific, under section 48.21, a return of service must be to be deemed valid on its face.  Koster maintains that in light of the substitute service effected in his case, the factors of substitute service under section 48.031(1)(a) must also be indicated in the return of service.  Thus, he argues that the return was deficient because it did not state, in accordance with section 48.031(1)(a), that the service address was Koster's normal place of abode, that his sister-in-law, Pat Hassett, was a person fifteen years of age or older, and that Hassett was informed of the contents of the document with which she was being served.

- 8 -

However, the language in section 48.21 does not expressly incorporate section 48.031, nor does it refer to the factors contained within section 48.031(1)(a). Section 48.21 clearly states the information that <u>shall</u> be included in a return of service. Thus, section 48.21 cannot be strictly read to require that the factors in section 48.031(1)(a) be specified. It is still important, though, to state more than just the fact that the manner of service was "substitute." For instance, the name of the person who accepted substitute service must be listed, as provided in section 48.21. In this case, the return of service listed "Pat Hassett" as "sister-in-law/co-resident" of Koster. Therefore, the return of service here was sufficient.

Koster points to this Court's decision in <u>Standley</u> in support of his argument that the specifics regarding manner of service set forth in section 48.031 must be indicated in a valid return of service. In <u>Standley</u>, the defendant appealed a final decree that was entered against her on the grounds that she was not served with a subpoena in chancery as prescribed by law. <u>Standley</u>, 13 Fla. at 364-65. This Court considered the validity of the return of service, which stated that service was "executed by serving a true copy on the within named party . . ." <u>Id.</u> "Where the statutes point out the mode of acquiring jurisdiction over the person," this Court said, "it must be strictly pursued." <u>Id.</u> at 366. Without fully expanding on the deficiencies of the return of service in <u>Standley</u>, we concluded that "[n]ot only is

the return of the sheriff deficient in reference to the manner of service, but it may be considered uncertain whether the word 'party' refers to the defendant." Id.

Although Koster relies on Standley as support for his argument that a facially valid return of service must specify the factors relating to the manner of service, the language above does not mandate that requirement. In fact, given the very broad language in the return of service at issue in Standley, it is just as likely that the deficiency was the failure to point out any manner of service, not the underlying factors establishing a particular manner of service. This Court in Standley stressed strict compliance with the manner of acquiring jurisdiction but did not require returns of service to list the requirements of the manner of service. Thus, Standley does not support Koster's argument that a facially valid return of service requires the inclusion of the factors outlined in section 48.031(1)(a).

**Interpreting Section 48.21**

"In construing a statute we are to give effect to the Legislature's intent. See State v. J.M., 824 So. 2d 105, 109 (Fla. 2002). In attempting to discern legislative intent, we first look to the actual language used in the statute. Joshua v. City of Gainesville, 768 So. 2d 432, 435 (Fla. 2000); accord BellSouth Telecomms., Inc. v. Meeks, 863 So. 2d 287, 289 (Fla. 2003)." Daniels v. Fla. Dept. of Health, 898 So. 2d 61, 64 (Fla. 2005). If the statute is clear and unambiguous, it is given its plain and obvious meaning without resorting to the rules of statutory construction

and interpretation, unless this would lead to an unreasonable result or a result clearly contrary to legislative intent.  Id.  Florida courts are " 'without power to construe an unambiguous statute in a way which would extend, modify, or limit, its express terms or its reasonable and obvious implications.  To do so would be an abrogation of legislative power.' "  Holly v. Auld, 450 So. 2d 217, 219 (Fla. 1984) (quoting Am. Bankers Life Assur. Co. of Fla. v. Williams, 212 So. 2d 777, 778 (Fla. 1st DCA 1968)).

Section 48.21 clearly and unambiguously requires that a return of service include certain information.  In fact, the Legislature left no discretion in this regard.  In addition to the use of the word "shall," the Legislature also provided a consequence for failure to comply with the statute's requirements.  Section 48.21 provides that although a failure to state the required facts is not fatal to the cause of action, it does invalidate the service itself.[3]  The Legislature's specific provisions in this regard provide further reason not to read additional requirements into the statute.  Moreover, this Court has no power to "extend, modify, or limit, [the section's] express terms or its reasonable and obvious implications" by adding requirements not present in the statute.  Id. (emphasis omitted).

---

3. Although, it also provides that the return may be amended.

Although the factors in section 48.031(1)(a) could easily be addressed in a return of service, the Legislature has not so mandated. The statute as written does not require the express inclusion of the factors in section 48.031(1)(a). Because the Legislature is best positioned to make a policy determination as to what should or must be included in a return of service under section 48.21, we decline to expand the requirements as Koster requests.

Although we conclude that the factors in section 48.031(1)(a) are not required to be expressly set forth in the return of service, we emphasize the importance that all process servers strictly ascertain and comply with the general requirements of the service of process statutes.

## CONCLUSION

Based on the foregoing, we answer the certified question in the negative and hold that section 48.21 does not require the express statement of the factors of section 48.031(1)(a) in a return of service in order for the return to be facially valid. Accordingly, we approve the Second District's determination in <u>Koster</u> that the return of service was facially valid.

It is so ordered.

PARIENTE, QUINCE, CANADY, POLSTON, and PERRY, JJ., concur.
LEWIS, J., concurs in result.

NOT FINAL UNTIL TIME EXPIRES TO FILE REHEARING MOTION, AND IF FILED, DETERMINED.

- 12 -

Application for Review of the Decision of the District Court of Appeal - Certified Direct Conflict of Decisions

Second District - Case No. 2D11-4766

(Pinellas County)

William Newt Hudson of the Law Offices of Wm. Newt Hudson, Tarpon Springs, Florida,

for Petitioner

C. Philip Campbell, Jr., Duane Allan Daiker, and Michele Leo Hintson of Shumaker, Loop & Kendrick, LLP, Tampa, Florida,

for Respondent