# Third District Court of Appeal

## State of Florida

Opinion filed September 7, 2016.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D16-418
Lower Tribunal No. 15-3834
_____

**Sean M. Coutts,**
Appellant,

vs.

**Sabadell United Bank, N.A.,**
Appellee.

An Appeal from a non-final order from the Circuit Court for Miami-Dade County, Beatrice Butchko, Judge.

Michael Jay Wrubel (Davie), for appellant.

Paul A. Humbert, for appellee.

Before EMAS, LOGUE and SCALES, JJ.

EMAS, J.

Sean M. Coutts, the defendant below, appeals from the trial court's order denying his motion to set aside a default and final judgment, and to quash service of process. We affirm.

Sabadell United Bank, N.A., the plaintiff below, filed and served its complaint. When Coutts did not respond to the complaint, Sabadell obtained a clerk's default and, subsequently, a default final judgment. Thereafter, Coutts filed a verified motion to set aside the default and final judgment, and to quash service of process, contending that Sabadell failed to properly effectuate service of process under the substitute service provisions of section 48.031(6)(a) Florida Statutes (2015), which provides:

> If the only address for a person to be served which is discoverable through public records is a private mailbox, a virtual office, or an executive office or mini suite, substitute service may be made by leaving a copy of the process with the person in charge of the private mailbox, virtual office, or executive office or mini suite, but only if the process server determines that the person to be served maintains a mailbox, a virtual office, or an executive office or mini suite at that location.

Coutts scheduled his motion for a thirty-minute, special-set evidentiary hearing before the trial court. However, neither Coutts nor his counsel of record attended the hearing. Instead, a "coverage" attorney, who had not filed a notice of appearance as co-counsel, attended the hearing on behalf of Coutts.[1]

---

[1] Appellant's counsel in this appeal did not represent Coutts in the trial court.

Nevertheless, the hearing proceeded as scheduled. When the trial court inquired of coverage counsel if he was prepared to present evidence, coverage counsel stated to the court: "This can be decided as a matter of law." At the conclusion of the hearing, the trial court entered an order denying Coutts's motion.

On appeal, Coutts maintains, inter alia, that the trial court erred because it failed to afford the appellant an evidentiary hearing. This argument is without merit, as Coutts's coverage counsel affirmatively advised the court that no evidentiary hearing was necessary and that the issue could be decided as a matter of law. See Pope v. State, 441 So. 2d 1073, 1076 (Fla. 1983) (holding that "[a] party may not invite error and then be heard to complain of that error on appeal"); Behar v. Southeast Banks Trust Co., N.A., 374 So. 2d 572 (Fla. 3d DCA 1979).

Coutts further contends that Sabadell failed to establish proper service of process because the return of service did not include the necessary information to show compliance with the provisions of section 48.031(6)(a), which permits substitute service on a private mailbox "only if the process server determines that the person to be served maintains a [private] mailbox . . . at that location."

However, the premise of Coutts's argument has already been considered and rejected by the Florida Supreme Court in Koster v. Sullivan, 160 So. 3d 385, 389 (Fla. 2015), wherein the court addressed whether "the specifics regarding the manner of service as set forth in section 48.031 must be indicated in a valid return

of service." Id. at 390.  In rejecting this argument, the court acknowledged that the return of service of process provision (section 48.21(1), Florida Statutes (2015))[2], clearly and unambiguously delineates what information must be contained in a valid return of service.  The court noted that "the language of section 48.21 does not expressly incorporate section 48.031, nor does it refer to the factors contained within section 48.031(1)(a)."  The court refused to engraft the provisions of section 48.031 onto section 48.21, acknowledging it "has no power to 'extend, modify, or limit [the section's] express terms or its reasonable and obvious implications' by adding requirements not present in the statute."  Id. at 389-90 (quoting Am. Bankers Life Assur. Co. of Fla. v. Williams, 212 So. 2d 777, 778 (Fla. 1st DCA 1968)).

Accordingly, Koster held that, to be considered regular on its face, a return of service must contain the information set forth in section 48.21, but need not contain information showing compliance with section 48.031(1)(a).[3]  Coutts has

---

[2] Section 48.21(1) provides:

> Each person who effects service of process shall note on a return-of-service form attached thereto, the date and time when it comes to hand, the date and time when it is served, the manner of service, the name of the person on whom it was served and, if the person is served in a representative capacity, the position occupied by the person. The return-of-service form must be signed by the person who effects the service of process. However, a person employed by a sheriff who effects the service of process may sign the return-of-service form using an electronic signature certified by the sheriff.

4

failed to distinguish Koster or to persuade us that its analysis in the context of challenge under section 48.031(1)(a) is inapplicable in the context of a challenge under section 48.031(6)(a). Applying Koster, we conclude that the return of service complied with section 48.21 and contained the requisite information as set forth in that provision.

The Koster court reaffirmed the *initial* burden placed on a plaintiff to establish proper service:

> The party who seeks to invoke the court's jurisdiction bears the burden of proving proper service. The burden requires the party to demonstrate that the return of service is, under section 48.21, facially valid or regular on its face. A return of service that is regular on its face must include the statutory factors contained in section 48.21.

Koster, 160 So. 3d at 389. Importantly, a "return of service that is regular on its face is presumed to be valid absent clear and convincing evidence presented to the contrary." Telf Corp. v. Gomez, 671 So. 2d 818, 818 (Fla. 3d DCA 1996).

Coutts concedes that the return of service was regular on its face, containing the information required by section 48.21. Because the return of service was

---

[3] Although Koster involved a different subsection of section 48.031, the court's analysis and holding are fully applicable to the instant case. Section 48.031(1)(a) provides:

> Service of original process is made by delivering a copy of it to the person to be served with a copy of the complaint, petition, or other initial pleading or paper or by leaving the copies at his or her usual place of abode with any person residing therein who is 15 years of age or older and informing the person of their contents. Minors who are or have been married shall be served as provided in this section.

regular on its face, it was presumptively valid, shifting to Coutts the burden of establishing, by clear and convincing evidence, that service of process was invalid. Koster, 160 So. 3d at 389; Morgan Stanley Smith Barney, LLC v. Gibraltar Private Bank & Trust Co., 162 So. 3d 1058, 1060 (Fla. 3d DCA 2015). The trial court determined that Coutts failed to meet his burden, and we find no error in that determination. The other issues raised by Coutts were either waived or are otherwise without merit.

Affirmed.