IN THE DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FIFTH DISTRICT

NOT FINAL UNTIL TIME EXPIRES TO
FILE MOTION FOR REHEARING AND
DISPOSITION THEREOF IF FILED

LAURA MURPHY,

      Appellant,

 v.

CACH, LLC, MICHAEL MURPHY
AND ERROL EQUESTRIAN
CENTER, INC.,

      Appellees.

Case No.  5D17-2384

_____/

Opinion filed November 9, 2017

Non-Final Appeal from the Circuit Court
for Orange County,
John E. Jordan, Judge.

Gary S. Israel, Orlando, for Appellant.

Bryan Manno, Ashley L. Moore, and Tina D.
Gayle, of Federated Law Group, PLLC,
Juno Beach, for Appellee, Cach, LLC.

No Appearance for other Appellees.

LAMBERT, J.

      Appellant, Laura Murphy, appeals the order denying her motion to quash service

of process.  Appellant asserts that the trial court never acquired personal jurisdiction over

her because the amended affidavit of substitute service did not strictly comply with section

48.21, Florida Statutes (2015), as it does not provide the name of the person upon whom

service was made. We agree and, as explained below, reverse and remand for further proceedings.

Appellant was sued for damages by Appellee, Cach, LLC, for breach of a personal guaranty on a debt owed by a codefendant. The amended affidavit of service filed in this case states that substitute service of process was obtained upon Appellant when a copy of the summons and a copy of the complaint with exhibits was personally left with "John Doe," who was described in the affidavit of service as a "black-haired white male" and Appellant's "co-resident." The affidavit also relates that service was obtained at Appellant's usual place of abode in Apopka, Florida. Appellant timely moved to quash service of process and, following a hearing at which no evidence was received, the trial court entered the unelaborated order now on appeal.

Where, as here, the trial court's ruling on a motion to quash service of process is based on issues of law, our review on appeal is de novo. *Davidian v. JP Morgan Chase Bank*, 178 So. 3d 45, 47 (Fla. 4th DCA 2015) (citing *Robles-Martinez v. Diaz, Reus & Targ, LLP*, 88 So. 3d 177, 179 (Fla. 3d DCA 2011)). Further, "[s]tatutes governing service of process must be strictly construed and enforced." *Koster v. Sullivan*, 160 So. 3d 385, 388 (Fla. 2015) (citing *Shurman v. Atl. Mortg. & Inv. Corp.*, 795 So. 2d 952, 954 (Fla. 2001)).

Appellee, as the party seeking to invoke the jurisdiction of the court over a party, bears the burden of proving proper service. *Id.* at 389. To that end, "[t]he return of service is the instrument a court relies on to determine whether jurisdiction over an individual has been established." *Id.* at 388 (citing *Klosenski v. Flaherty*, 116 So. 2d 767, 768-69 (Fla. 1959) (holding that an officer's return of service "is merely evidence to enable the trial

2

judge to conclude that the court has acquired jurisdiction of the person of the defendant, or has not done so, as the case may be")). Thus, "[i]f . . . the return is defective on its face, [then] it 'cannot be relied upon as evidence that the court acquired jurisdiction over the person of the defendant.'" *Klosenski*, 116 So. 2d at 769 (quoting *Gibbens v. Pickett*, 12 So. 17, 18 (Fla. 1893)).

The dispositive question in the present case is whether the amended affidavit of service of process is regular or valid on its face. Section 48.21 governs the return of execution of process. This statute provides in pertinent part:

> (1) Each person who effects service of process shall note on a return-of-service form attached thereto, the date and time when it comes to hand, the date and time when it is served, the manner of service, the name of the person on whom it was served and, if the person is served in a representative capacity, the position occupied by the person. The return-of-service form must be signed by the person who effects the service of process. . . .
>
> (2) A failure to state the facts or to include the signature required by subsection (1) invalidates the service, but the return is amendable to state the facts or to include the signature at any time on application to the court from which the process issued. On amendment, service is as effective as if the return had originally stated the omitted facts or included the signature. . . .

§ 48.21, Fla. Stat. (2015). Therefore, for a return of service of process to be facially valid, it must include the following four facts: (1) the date and time the pleading is received by the process server; (2) the date and time that process is served; (3) the manner of service, and (4) the name of the person served and, if served in a representative capacity, the position occupied by the person. *Koster*, 160 So. 3d at 389 (citing *Re-Emp't Servs., Ltd. v. Nat'l Loan Acquisitions Co.*, 969 So. 2d 467, 472 (Fla. 5th DCA 2007)).

3

Here, the amended affidavit of service of process is facially deficient under section 48.21 because it does not contain the name of the person served. Providing a physical description of "John Doe" in lieu of providing the individual's name is insufficient compliance with section 48.21. *Vives v. Wells Fargo Bank, N.A.,* 128 So. 3d 9, 15 (Fla. 3d DCA 2012); *see also Gonzalez v. Totalbank*, 472 So. 2d 861, 864 (Fla. 3d DCA 1985) (holding that return of service indicating that a Jane Doe was served was defective under section 48.21 and the service was invalid). Consequently, Appellee never met its initial burden of establishing proper service of process, personal jurisdiction over Appellant has not been shown, and the trial court erred in denying Appellant's motion to quash.

Finally, we reject Appellee's argument that Appellant waived her objection to personal jurisdiction based upon her filing a motion to dismiss and a contemporaneously filed motion for protective order. Appellant filed these motions after the trial court entered its written order denying Appellant's motion to quash and ordered her to answer Appellee's complaint and to respond to the outstanding discovery. A defendant who asserts a timely challenge to personal jurisdiction may defend the matter on the merits without waiving his or her personal jurisdiction objection, as long as the defendant does not seek affirmative relief. *Berne v. Beznos*, 819 So. 2d 235, 237-38 (Fla. 3d DCA 2002). Here, Appellant timely challenged jurisdiction and did not seek affirmative relief.

Accordingly, we reverse the trial court's order denying Appellant's motion to quash and remand for further proceedings.

REVERSED and REMANDED.

SAWAYA and EVANDER, JJ., concur.

4