# Third District Court of Appeal

## State of Florida

Opinion filed November 23, 2022.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D21-2035
Lower Tribunal No. 20-11733 CC
_____

**Tamara Carus,**
Appellant,

vs.

**Cove at Isles at Bayshore Homeowners Association, Inc.,**
Appellee.



An Appeal from a non-final order from the County Court for Miami-Dade County, Michael G. Barket, Judge.

Kenzie N. Sadlak, P.A., and Kenzie N. Sadlak, for appellant.

Douglas H. Stein, P.A., and Douglas H. Stein, for appellee.


Before EMAS, SCALES and BOKOR, JJ.

BOKOR, J.

Tamara Carus appeals the trial court's denial of her motions to quash service of process and to involuntarily dismiss the complaint.[1] While we find that the trial court properly denied Carus' motion to involuntarily dismiss the complaint,[2] we write to address the trial court's determination as to Carus' motion to quash service of process.

## BACKGROUND

On March 31, 2016, Cove at Isles at Bayshore Homeowners Association, Inc. filed a two-count complaint against Carus and her son, Carlos Gabriel Carus Jr., to collect a debt owed to the homeowners' association for regular and special assessments, interest, costs, and fees.

---

[1] We have jurisdiction. Fla. R. App. P. 9.130(a)(3)(C)(i); see also Shurman v. Atl. Mortg. & Inv. Corp., 795 So. 2d 952, 953 (Fla. 2001) ("It is well settled that the fundamental purpose of service is 'to give proper notice to the defendant in the case that he is answerable to the claim of plaintiff and, therefore, to vest jurisdiction in the court entertaining the controversy.'") (emphasis added) (citations omitted).

[2] On appeal, Carus argues that the trial court was bound by the language in several orders granting plaintiff extra time to effectuate service providing that failure to comply within the time given "shall result in dismissal of Plaintiff's case without further notice or hearing." However, we recognize the trial court's broad discretion to allow extensions for service of process even when good cause has not been shown, Sly v. McKeithen, 27 So. 3d 86, 87 (Fla. 1st DCA 2009), and find that where, as here, the record is rife with evidence of plaintiff's continued efforts to serve the defendant, the trial court is within its discretion to deny a motion for involuntary dismissal. Id. at 87–88 (explaining that the purpose of Florida Rule of Civil Procedure 1.070(j) is to "speed the progress of cases on the civil docket . . . not to give defendants a 'free' dismissal with prejudice") (citation omitted). Therefore, we affirm without further discussion.

Over the next several years, Cove filed, and the trial court granted, several motions for extension of time to serve process on Carus and Carus Jr. pursuant to Florida Rule of Civil Procedure 1.070(j), each time providing Cove 120 days from the date of the order to effectuate service.

On November 6, 2020, Cove filed its fourth motion for extension of time to serve Carus, which was granted by the trial court on May 6, 2021.[3] On June 29, 2021, Cove filed the return of service at issue in this appeal alleging substituted service had been made upon "Jane Doe as sister/co-tenant" at the address in question. That same day, Cove filed a motion for default against Carus, arguing that Carus had been served by substituted service since June 8, 2021 and had not filed any responsive pleading. On July 26, 2021, Carus filed her motion to quash service based on the June 29, 2021 attempted service. On July 30, 2021, the trial court entered an order deferring ruling on Cove's motion for default pending an evidentiary hearing on Carus' motion to quash service. After the hearing, the trial court entered the order on appeal denying Carus' motion to quash service. This appeal followed.

---

[3] By this time, Cove had involuntarily dismissed the first count of the complaint seeking foreclosure of a lien against Carus Jr. based on the mortgage foreclosure on the subject property. The case against Carus Jr. was then transferred to county court.

3

## ANALYSIS

A motion to quash service implicates two sections of chapter 48, Florida Statutes. Section 48.031(1)(a) directs:

> Service of original process is made by delivering a copy of it to the person to be served with a copy of the complaint, petition, or other initial pleading or paper or by leaving the copies at his or her usual place of abode with any person residing therein who is 15 years of age or older and informing the person of their contents.

Section 48.21, Florida Statutes, in turn, governs return of execution of process:

> (1) Each person who effects service of process shall note on a return-of-service form attached thereto the date and time when it comes to hand, the date and time when it is served, the manner of service, the name of the person on whom it was served, and, if the person is served in a representative capacity, the position occupied by the person. . . .
>
> (2) A failure to state the facts or to include the signature required by subsection (1) invalidates the service, but the return is amendable to state the facts or to include the signature at any time on application to the court from which the process issued.

On appeal, Carus challenges Cove's strict compliance with statutory service requirements for substitute service, arguing that Cove failed to file a return of service that is regular on its face. Carus also challenges the validity of the service, averring it was not served at her usual place of abode, as

4

contemplated by section 48.031, Florida Statutes. Carus' arguments are well taken.

"[S]tatutes governing service of process are to be strictly construed and enforced." <u>Shurman</u>, 795 So. 2d at 954. Here, the facts reveal both that the return of service is facially deficient and that service was not properly effectuated on Carus. First, to be regular on its face, a return of service must contain the information set forth in section 48.21, Florida Statues. <u>Coutts v. Sabadell United Bank, N.A.</u>, 199 So. 3d 1099, 1101 (Fla. 3d DCA 2016). Namely, a return of service shall note: "(1) the date and time that the pleading comes to hand or is received by the process server, (2) the date and time that process is served, (3) the manner of service, and (4) the name of the person served . . . ." <u>Koster v. Sullivan</u>, 160 So. 3d 385, 389 (Fla. 2015).

The return of service here doesn't include the name of the person served. Rather, the return of service indicates that the documents were served to "Jane Doe as sister/co-tenant." Failure to include the statutorily required information invalidates a return of service. <u>See</u> § 48.21(2), Fla. Stat.; <u>see also</u> <u>Gonzalez v. Totalbank</u>, 472 So. 2d 861, 863 (Fla. 3d DCA 1985) (explaining that failure to record the facts set forth in section 48.21, Florida Statues, invalidates the service, unless it is amended); <u>Vives v. Wells Fargo Bank, N.A.</u>, 128 So. 3d 9, 15 (Fla. 3d DCA 2012) (explaining that a

return of service was irregular on its face because "[t]he return of service does not state the name of the person on whom service was made"); Murphy v. Cach, LLC, 230 So. 3d 599, 601 (Fla. 5th DCA 2017) ("Here, the amended affidavit of service of process is facially deficient under section 48.21 because it does not contain the name of the person served. Providing a physical description of 'John Doe' in lieu of providing the individual's name is insufficient compliance with section 48.21.").[4]

Second, section 48.031(1)(a) requires service to be made by leaving a copy of the pleading at the person's "usual place of abode." "The term 'usual place of abode' means 'the place where the defendant is actually living at the time of service.' The word 'abode' means 'one's fixed place of residence for the time being when service is made.'" Robles-Martinez, 88 So. 3d at 182 (citations omitted). Here, Carus Jr. testified that the property in question

---

[4] The plaintiff bears the ultimate burden of valid service of process. Robles-Martinez v. Diaz, Reus & Targ, LLP, 88 So. 3d 177, 179 (Fla. 3d DCA 2011). "This burden requires the party to demonstrate that the return of service is, under section 48.21, facially valid or regular on its face." Koster, 160 So. 3d at 389. If the return of service is defective on its face, the defendant is not required to present clear and convincing evidence to overcome the presumption of validity. Vives, 128 So. 3d at 15. However, the statute itself provides that "[a] failure to state the facts . . . required by subsection (1) invalidates the service, but the return is amendable to state the facts . . . at any time on application to the court from which the process issued. On amendment, service is as effective as if the return had originally stated the omitted facts . . . ." § 48.21(2), Fla. Stat.

contains multiple independent structures. However, one address covers all the structures on the property, with no letter or number designations for each structure on the property.

In addition to the facial irregularity of the service of process, Cove failed to provide competent, substantial evidence of valid service. First, the process server who allegedly served Carus was unavailable to testify at the hearing. Second, while the return of service purportedly served "Jane Doe as sister/co-tenant," Carus Jr. provided unrebutted testimony that he is familiar with the people who reside with his mother. He testified that his mother lives on the property and she has no siblings. By the end of the hearing, Cove conceded on the record that it could not meet its burden of proof of proper, statutorily compliant service. See id. at 181 n.9 ("[T]he ultimate burden of proving valid service of process always remains upon the plaintiff."). Accordingly, while we affirm the trial court's denial of the involuntary dismissal, we reverse and remand on the issue of service of process with instructions to the trial court to grant Carus' motion to quash.

Affirmed in part, reversed in part, and remanded with instructions.