DISTRICT COURT OF APPEAL OF FLORIDA
SECOND DISTRICT

_____

TIMOTHY GIBSON,

Appellant,

v.

STAR COLLISION AND TOWING, LLC,

Appellee.

No. 2D23-1332

_____

March 15, 2024

Appeal pursuant to Fla. R. App. P. 9.130 from the County Court for
Hillsborough County; James S. Giardina, Judge.

Jacquelyn M. Codd and Ramil A. Kaminsky of RAK Law, PLLC, Lakeland,
for Appellant.

No appearance for Appellee.


CASANUEVA, Judge.

    Timothy Gibson challenges the county court's order granting Star
Collision and Towing's Motion to Vacate Final Default Judgment and
Quash Service.  As discussed below, we find error in the court's order
and reverse and remand for further proceedings.

In June 2021, Gibson's vehicle was towed by Star Collision without his consent. Gibson paid $215 to regain possession of his vehicle from Star Collision's storage lot. The following August, Gibson filed a complaint seeking to recover the cost expended to regain possession of his vehicle, including court costs and attorney's fees. He alleged that Star Collision was not authorized to remove his vehicle from the property and was therefore not permitted to charge him a fee to regain possession. After Star Collision failed to file any paper to appear in the matter, default was entered. And on March 8, 2022, the court entered a final default judgment awarding Gibson $215 in damages, $165 in costs, and reasonable attorney's fees. The court conducted a separate hearing to determine reasonable attorney's fees and subsequently entered its March 25, 2022 judgment for $9,485.00 in attorney's fees and costs against Star Collision. In December of the same year, Star Collision filed a motion to quash service and to vacate the final default judgment and the final judgment awarding attorney's fees. Star Collision alleged that it was never served with the summons, complaint, or any filed documents in the matter.

After our review of the issues on appeal, it is evident the return of service is at the center of this matter. The return of service indicated that the summons and complaint were received by the process server, Jamie Henderson, on August 24, 2021, and served to "William Kleet" on August 26, 2021 at 8:19 a.m. at Star Collision's corporate office. Additional comments by Mr. Henderson estimated Mr. Kleet's age and weight, indicated that he had brown hair, and identified him as the owner of Star Collision. Prior to the hearing on the motion to vacate, however, Paige Kasmin filed an affidavit in support of Star Collision's motion. Ms. Kasmin indicated that she was an authorized member of

2

Star Collision but denied receiving service. She further indicated that "William Kleet" was not a member, owner, or employee of Star Collision. She instead identified "William Klee" as an authorized member and the registered agent of Star Collision but stated that he was not present at the office on the date of service and that the description of the individual served did not match Mr. Klee. Mr. Klee also filed an affidavit in support of Star Collision's motion. His affidavit similarly indicated that he was an authorized member of Star Collision but denied receiving service. He pointed to the misspelling of his last name and the description of the individual served and stated that he was not at Star Collision's office during the time of service. The court heard similar testimony from Mr. Klee and Ms. Kasmin at the January 13, 2023, hearing.[1] The court also heard testimony from Mr. Henderson, who stated that the individual in the courtroom, Mr. Klee, was the person he served but that he may have made a spelling error on the return of service. At the conclusion of the hearing, the court made no findings and instead reserved ruling.

Several months later, the court issued an order granting Star Collision's motion to vacate and to quash service. The court reasoned that because the return of service indicated the named party served as "William Kleet," the service did not include the name of the person served or the name of a person authorized to accept service on behalf of Star Collision. The court concluded that the return of service was facially invalid and thus, the service was invalid. Service was quashed, the final

_____

[1] Ms. Kasmin and Mr. Klee mainly contended that Mr. Klee was bald and weighed more than as described in the return of service. Mr. Henderson testified that while he observed that Mr. Klee was bald on the top of his head, there was hair on the sides which he believed was brown at the time of service.

judgments dated March 8, 2022, and March 25, 2022, were set aside, and the writ of garnishment was dissolved.[2]

"A trial court's ruling on a motion to quash service of process, to the extent it involves questions of law, is subject to *de novo* review." *Robles-Martinez v. Diaz, Reus & Targ, LLP*, 88 So. 3d 177, 179 (Fla. 4th DCA 2011). "The return of service is the instrument a court relies on to determine whether jurisdiction over an individual has been established." *Koster v. Sullivan*, 160 So. 3d 385, 388 (Fla. 2015). If a return is regular on its face, the service of process is presumed valid, and the party challenging service must then overcome that presumption by clear and convincing evidence. *Id.* at 389. The burden to demonstrate that the return of service is facially valid is on the party who seeks to invoke the court's jurisdiction. *Id.* And "[a] return of service that is [facially valid] must include the statutory factors contained in section 48.21." *Id.* Section 48.21(1), Florida Statutes (2021), provides that a return of service shall note (1) the date and time that the pleading comes to hand or is received by the process server, (2) the date and time that process is served, (3) the manner of service, and (4) the name of the person served and, if the person is served in a representative capacity, the position occupied by the person.

Failure to include the statutorily required information invalidates service unless the return is amended.[3] *See* § 48.21(2) ("[T]he return is amendable to state the facts . . . at any time on application to the court

_____

[2] After Star Collision filed its motion to vacate and quash service, but before the hearing on the same, Gibson obtained a writ of garnishment against Star Collision's bank accounts.

[3] The record on appeal indicates that two attempts were made to amend the return of service to fix the spelling error, but neither application to amend was ruled upon by the court.

4

from which the process issued.  On amendment, service is as effective as if the return had originally stated the omitted facts . . . .").  If the return of service is defective and not sufficiently amended to correct the defect, the party seeking to invoke the court's jurisdiction retains their burden of proof to demonstrate valid service despite the facially invalid return. *See Rodriguez v. HSBC Bank USA, N.A. as Tr. for Deutsche Alt-A Sec. Inc., Mortg. Pass Through Certificates Series 2006-AR2*, 352 So. 3d 8, 13 (Fla. 4th DCA 2022) ("If the return of service is defective on its face, however, it cannot be relied on as evidence that service was valid, and the party seeking to invoke the court's jurisdiction retains the burden of proving valid service and must prove valid service by other means.").

We note that in support of its conclusion, the court relied on several cases which found the return of service facially invalid due to the failure to include the name of the individual served.  *See Vives v. Wells Fargo Bank, N.A.*, 128 So. 3d 9, 11, 15 (Fla. 3d DCA 2012) (concluding that the return of service was facially invalid because it did not state the name of the person service was made to, rather it stated that it was served on an "unnamed individual"); *see also Carus v. Cove at Isles at Bayshore Homeowners Ass'n*, 354 So. 3d 1111, 1114 (Fla. 3d DCA 2022) (concluding that a return of service stating that documents were served on "Jane Doe as sister/co-tenant" failed to name the person served and was therefore invalid); *Murphy v. Cach, LLC*, 230 So. 3d 599, 601 (Fla. 5th DCA 2017) (holding that a return of service which lists the person served as "John Doe" is facially deficient under section 48.21 because it does not contain the name of the person served).  Unlike those cases, however, the return of service in the instant case names the person served.  While Star Collision may challenge the validity of service based on an added "t" or the description of the individual served, those

5

arguments go toward the veracity of the information in the return of service and should be raised once the burden has shifted.

Finally, we recognize that a party challenging service may present a prima facie case demonstrating that the return of service is defective, shifting the burden back to the party seeking the court's jurisdiction. *See Robles-Martinez*, 88 So. 3d at 180. However, the affidavits submitted by Mr. Klee and Ms. Kasmin do not challenge the facial validity of the return of service, but the validity of service itself. *See id.* ("There is a significant difference between a facially defective return of service (for example, a return which, on its face, fails to contain the information required by statute) and an invalid service of process (for example, a claim that the residence where service was effectuated was not the defendant's usual place of abode)." (footnotes omitted)).

Therefore, after review of the four corners of the return of service, we conclude that it contained all the elements required by section 48.21(1). As such, Gibson met his initial burden of establishing the validity of service. The burden to prove improper service by clear and convincing evidence was then required to shift to Star Collision prior to quashing service and vacating the judgments. Although the court conducted a hearing, the court made no findings regarding whether Star Collision presented clear and convincing evidence to overcome the presumptively valid service or whether the witnesses were credible.

Accordingly, we reverse the trial court's order granting Star Collision's Motion to Vacate Default Judgment and Quash Service. Further, we remand for further proceedings consistent with this opinion, including a new evidentiary hearing, following which the appropriate findings may be made by the trial court.

Reversed and remanded.

KHOUZAM and LUCAS, JJ., Concur.

_____

Opinion subject to revision prior to official publication.