# Third District Court of Appeal

## State of Florida

Opinion filed February 5, 2025.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D24-0199
Lower Tribunal No. 23-624
_____

**Esther Kassin, et al.,**
Appellants,

vs.

**3909 Ponce de Leon, LLC,**
Appellee.

An Appeal from a non-final order from the Circuit Court for Miami-Dade County, Maria de Jesus Santovenia, Judge.

Solomon Appeals, Mediation & Arbitration, and Donna Greenspan Solomon (Fort Lauderdale), for appellants.

Whisenand and Turner, P.A., Nicholas A. Collazo, and James D. Whisenand, for appellee.

Before LOGUE, C.J., and MILLER and BOKOR, JJ.

MILLER, J.

In this imposter scam dispute, appellants, Esther Kassin and REESK, LLC ("REESK"), appeal from companion orders denying motions to quash service and vacate a default final judgment rendered in favor of appellee, 3909 Ponce de Leon, LLC ("3909 Ponce"). The challenged orders were rendered in a lawsuit filed by 3909 Ponce after wired closing funds were intercepted by a hacker impersonating a Florida-barred attorney and later traced to REESK's corporate TD Bank account. Kassin is REESK's managing member. Having carefully examined the record of the evidentiary hearing conducted below, we find dispositive a twofold assertion of error: (1) appellee failed to introduce any process demonstrating service upon Kassin; and (2) the return for REESK was defective because it failed to include the factors mandated under section 48.21(1), Florida Statutes (2023). See id. ("Each person who effects service of process shall note on a return-of-service form attached thereto the date and time when it comes to hand, the date and time when it is served, the manner of service, the name of the person on whom it was served, and, if the person is served in a representative capacity, the position occupied by the person."). These omissions prevented the trial court from imputing a presumption of validity and applying the burden-shifting framework set forth in the seminal case of Koster v. Sullivan, 160 So. 3d 385 (Fla. 2015). Id. at 389 ("A return of service

2

that is [facially valid] must include the statutory factors contained in section 48.21[(1)].").  The omissions in this record are fatal to the validity of service.  See § 48.21(2), Fla. Stat. ("A failure to state the facts . . . invalidates the service . . . ."); see also Gibson v. Star Collision & Towing, LLC, 381 So. 3d 690, 693 (Fla. 2d DCA 2024) ("Failure to include the statutorily required information invalidates service unless the return is amended."); Robles-Martinez v. Diaz, Reus & Targ, LLP, 88 So. 3d 177, 180 (Fla. 3d DCA 2011) ("There is a significant difference between a facially defective return of service (for example, a return which, on its face, fails to contain the information required by statute) and an invalid service of process (for example, a claim that the residence where service was effectuated was not the defendant's usual place of abode).") (footnotes omitted).  Accordingly, we reverse the orders under review and remand with instructions to grant the motions.

Reversed and remanded.