# Third District Court of Appeal

## State of Florida

Opinion filed August 20, 2025.
Not final until disposition of timely filed motion for rehearing.

————————————

No. 3D24-2024
Lower Tribunal No. 05-26630-CC-23

————————————

**East Coast Recovery, Inc.,**
Appellant,

vs.

**Patricia Holmes, a/k/a Patricia Hevia,**
Appellee.

An Appeal from a non-final order from the County Court for Miami-Dade County, Linda Singer Stein, Judge.

Shafritz and Associates, PA, and Hugh Shafritz, and Aaron F. Miller (Delray Beach), for appellant.

Patricia V. Hevia Holmes, in proper person.

Before SCALES, C.J., and LOBREE and GOODEN, JJ.

GOODEN, J.

Appellant East Coast Recovery, Inc. appeals an order granting a motion to vacate a default judgment under Florida Rule of Civil Procedure 1.540. Because we find that the trial court applied the wrong version of the statute and Holmes did not present clear and convincing evidence that she was not served, we reverse and remand.

**I.**

In 2005, East Coast Recovery filed suit against Appellee Patricia Holmes for defaulting on a credit card. The lower court progress docket reflects service was returned on January 24, 2006. But Holmes did not respond to the lawsuit. Consequently, the trial court entered default final judgment. At some point, the court file was destroyed due to its age.

Seven years later, the judgment still had not been satisfied. In aid of execution, East Coast Recovery served written discovery on Holmes. Receiving no response, the trial court ordered Holmes to respond within thirty days. Holmes again failed to respond. East Coast Recovery moved for an order to show cause. The trial court ordered Holmes to appear. Holmes was served with the order by a process server.

On July 24, 2014, Holmes appeared at the show cause hearing.[1] Holmes was ordered to respond to discovery within thirty days. Again, she failed to comply and a second show cause hearing was set. But Holmes failed to appear. The trial court found Holmes in contempt.

In February 2015, Holmes moved to stay post-judgment discovery. In that motion, she fully recognized that a final judgment had been entered against her. She also filed a suggestion of bankruptcy. The bankruptcy was eventually dismissed.

Nine years later, garnishment proceedings were launched. Holmes' banking institution was served with a writ of garnishment for the debt. Funds were garnished from Holmes' account.

Holmes then moved to vacate the default judgment asserting it was void. For the first time, she alleged that she was not personally served and was not given notice of the proceedings. She claimed that she first learned of the judgment after the bank garnished her bank account.

East Coast Recovery responded: (1) Holmes failed to rebut the presumption that she was properly served; (2) the return of service shows Holmes was personally served; and (3) Holmes' post-judgment participation

---

[1] We have not been provided with a copy of the transcript from this hearing. As a result, we do not know what Holmes argued.

in the case waived any objections she may have had regarding service of process. In support, East Coast Recovery provided a copy of the 2006 return of service. It shows that Holmes was served on January 24, 2006 at 9:10 pm. It is not signed, but reflects a stamp stating: "ATTORNEY'S COPY ORIGINAL HAS BEEN FILED."

Due to the allegations, the trial court conducted an evidentiary hearing. Holmes focused on the fact the return was not signed. She testified she does not remember being served. Holmes' son, who was a teenager at the time, testified that "[t]here is no way that . . . that [the 2006] service occurred. It simply did not occur. . . . [T]here is no way that someone came to our house at 9:00 p.m. at night on that date and that I wouldn't know about it." East Coast Recovery countered that the return of service was regular on its face, and therefore, the presumption applies. It maintained that Holmes did not meet her burden to overcome the presumption.

The trial court granted the motion and vacated the judgment. Analyzing the statute in effect at the time of the hearing, it found that the return of service was defective on its face because it did not have a signature. It then ruled that East Coast Recovery failed to show that Holmes was validly served and that it did not present any testimony or evidence to rebut Holmes' claim she was not. This appeal followed.

## II.

Generally, an order granting a Rule 1.540 motion is reviewed for an abuse of discretion. Rinconcito Latino Cafeteria, Inc. v. Ocampos, 276 So. 3d 525, 527 (Fla. 3d DCA 2019). But where the motion asserts that the judgment is void, we review the trial court's legal determination de novo. First Call 24/7, Inc. v. Rios, 373 So. 3d 1176, 1178 (Fla. 3d DCA 2022); Nationstar Mortg., LLC v. Diaz, 227 So. 3d 726, 729 (Fla. 3d DCA 2017).

## III.

The Florida Constitution mandates that "[n]o person shall be deprived of life, liberty or property without due process of law." Art. I, § 9, Fla. Const. To ensure due process, the court "must have jurisdiction of the subject matter and of the persons affected. A defect in the jurisdiction of the court may render its proceedings void." Standley v. Arnow, 13 Fla. 361, 366 (Fla. 1869). "The return of service is the instrument a court relies on to determine whether jurisdiction over an individual has been established." Koster v. Sullivan, 160 So. 3d 385, 388 (Fla. 2015). "If the return is regular on its face, it serves 'as a virtual basis for the Court to assume that it has lawfully obtained jurisdiction over the person of the defendant' for the purpose of entering judgment by default against such defendant." Klosenski v. Flaherty, 116 So. 2d 767, 769 (Fla. 1959) (internal citation omitted).

5

"The party who seeks to invoke the court's jurisdiction bears the burden of proving proper service. This burden requires the party to demonstrate that the return of service is, under section 48.21, facially valid or regular on its face." Koster, 160 So. 3d at 389. "If the return is regular on its face, then the service of process is presumed to be valid and the party challenging service has the burden of overcoming that presumption by clear and convincing evidence." Id. (citation omitted). See also Telf Corp. v. Gomez, 671 So. 2d 818, 819 (Fla. 3d DCA 1996) ("Further, a defendant may not impeach the validity of the summons with a simple denial of service, but must present 'clear and convincing evidence' to corroborate his denial."). But if the return is defective, the burden remains on the plaintiff and he or she must otherwise prove valid service. See Re-Employment Servs., Ltd. v. Nat'l Loan Acquisitions Co., 969 So. 2d 467, 471 (Fla. 5th DCA 2007); Gonzalez v. Totalbank, 472 So. 2d 861, 864 n.1 (Fla. 3d DCA 1985).

To properly analyze this case, we must start with the governing statute in effect at the time of service. In 2006, section 48.21, Florida Statutes, provided,

> Each person who effects service of process shall note on a
> return-of-service form attached thereto, the date and time when
> it comes to hand, the date and time when it is served, the manner
> of service, the name of the person on whom it was served and,
> if the person is served in a representative capacity, the position
> occupied by the person. A failure to state the foregoing facts

6

invalidates the service, but the return is amendable to state the truth at any time on application to the court from which the process issued. On amendment, service is as effective as if the return had originally stated the omitted facts. A failure to state all the facts in the return shall subject the person effecting service to a fine not exceeding $10, in the court's discretion.

§ 48.21, Fla. Stat. (2006).

This plain text only requires the return to contain: (1) the date and time when the complaint comes to hand or is received by the process server; (2) the date and time when it is served; (3) the manner in which it served; and (4) the name of the person on whom it was served and the position of the person, if served if their representative capacity. Id. See also Koster, 160 So. 3d at 389.

The trial court, however, required the return to be signed. But the 2006 statute simply does not require a signature to be valid. Indeed, the Legislature added the signature requirement in 2011—five years after Holmes was served with process. See Ch. 11-159, Laws of Fla.

To this end, the attorney's copy of the return of service readily meets the 2006 statute's requirements. It is facially valid and regular. And so, there is a presumption that service was valid. Holmes was required to overcome that presumption by clear and convincing evidence. Koster, 160 So. 3d at 389. Based on the record before this Court, Holmes failed to do so. She

simply asserted that she did not remember being served and generally denied that she was. This does not carry the day.

In fact, the record evidence shows she was well-aware of the lawsuit and judgment. She acknowledged as much in her post-judgment motion to stay discovery and bankruptcy proceedings. She also appeared at the show cause hearing. Because Holmes did not carry her burden, we reverse and remand with instructions to reinstate the final judgment for East Coast Recovery.

Reversed and remanded with instructions.